**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGINIA VELAZQUEZ, individually and on behalf of all others similarly situated; STEVEN BERRY, individually and on behalf of all others similarly situated; ED WHITAKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br><br>        Defendant - Appellant. | Nos. 13-55241 and<br>        13-55822<br><br>D.C. No. 8:11-cv-00508-JVS (RNBx)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Argued and Submitted February 11, 2015
Pasadena, California

Before: SENTELLE,[**] CHRISTEN, and HURWITZ, Circuit Judges.

Costco appeals the district court's judgment (1) awarding plaintiffs Virginia Velazquez and Steven Berry unpaid overtime wages as well as interest, costs, and fees under Sections 510 and 1194 of the California Labor Code and Sections 17200 through 17210 of the California Business and Professions Code, and (2) ordering Costco to pay a continuing-wages penalty under Sections 202 and 203 of the California Labor Code. Because the district court applied the correct legal standard and did not clearly err when it concluded Costco failed to prove Velazquez and Berry spent more than half of their time on managerial duties, we affirm the portion of the judgment awarding plaintiffs unpaid overtime. We reverse the portion of the district court's judgment ordering Costco to pay Berry $14,520 in continuing wages because there is no evidence suggesting Costco willfully failed to pay Berry's unpaid overtime upon his termination.

**1.** The application of California overtime exemptions presents "a mixed question of law and fact." *Sav-on Drug Stores, Inc. v. Super. Court*, 96 P.3d 194, 202

(Cal. 2004).  "How [an employee] spent his [or her] working time is a question of fact reviewed under the clearly erroneous standard."  *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002).  Whether those activities precluded the employee from overtime benefits "is a question of law and the court reviews the district court's decision *de novo*."  *Id.*

**2.**  The parties agreed that plaintiffs established a prima facie case for failure to pay overtime under Section 1194 of the California Labor Code.  As an affirmative defense, Costco argued that it properly designated plaintiffs exempt from overtime.  *See Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 8 (Cal. 1999).  In order to establish the propriety of exempting Velazquez and Berry, Costco was required to prove that they were "primarily engaged in duties which meet the test of the [executive or administrative] exemption."  Cal. Code Regs. tit. 8, § 11070 subd. 1(A)(1)(e), (1)(A)(2)(f).  The district court therefore had to determine, on a factual basis, how plaintiffs spent their time.

**3.**  To determine whether an employee is primarily engaged in managerial duties (and is therefore exempt from overtime), a court should look  "not only to the 'work actually performed by the employee during the workweek,' but also to the 'employer's realistic expectations and the realistic requirements of the job.'"  *Heyen v. Safeway Inc.*, 157 Cal. Rptr. 280, 304 (Cal. Ct. App. 2013) (quoting Cal. Code

3

Regs. tit. 8, § 11070 subd. 1(A)(1)(e)). Costco contends the district court erroneously rejected its realistic expectations as a basis for exempting plaintiffs from overtime. We disagree.

**4.** A court cannot determine whether an employee primarily engaged in exempt managerial duties based solely on "the number of hours that the employer, according to its job description or its estimate, claims the employee *should* be working." *Ramirez*, 978 P.2d at 13. If it did, "then the employer could make an employee exempt from overtime laws solely by fashioning an idealized job description that had little basis in reality." *Id.* Similarly, a court cannot solely rely on an employee's reported hours because the employee could then "evade a valid exemption" through "his own substandard performance." *Id.* To "steer clear of these two pitfalls," the court should consider "the *realistic* requirements of the job." *Id.* Nonetheless, "first and foremost," the court should consider "how the employee actually spends his or her time." *Id.* The district court did that here, and it did not err.

**5.** Costco offered expert testimony to support its realistic-expectations position and to rebut plaintiffs' claim that there was only one way to perform their job. The district court did not abuse its discretion when it excluded that testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

4

**6.** Costco suggests the district court misread *Ramirez* as requiring it to prove there was a "concrete expression of employer displeasure over [plaintiffs'] substandard performance." 978 P.2d at 13. We disagree. The district court neither misread *Ramirez* nor "invented" any requirement for Costco to prove that it affirmatively complained to plaintiffs about the nature of the work they performed as warehouse receiving managers. Appellant's Br. at 24. On the contrary, the district court correctly applied *Ramirez* and considered any expression of displeasure (or lack thereof) as one factor weighing against Costo's executive-exemption defense.

**7.** In addition to the back pay award to plaintiff Berry, the district court ordered Costco to pay continuing wages after his termination as a penalty under Section 203 of the California Labor Code. Costco argues that the district court erred in making that penalty award, and we agree. Section 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

There is no evidence in this case to support a "willful" failure to pay by Costco. *See Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 572, 609 (Cal. Ct. App. 2008) ("So long as no other evidence suggests the employer acted in bad faith, presentation of a good

5

faith defense, based in law or fact, will negate a finding of willfulness."). It is not enough that the company knew that it was not paying the overtime, or the language of § 203(a) would be superfluous. "The settled meaning of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done." *Id.* at 607. There was no showing here of bad faith or deliberate intent to violate the requirements of the statute. We therefore vacate the portion of the district court's judgment ordering Costco to pay Berry $14,520 in continuing wages.

**8.** Costco further argues that its damages should be mitigated on the basis of the "avoidable consequences doctrine." *See State Dep't of Health Servs. v. Super. Court*, 79 P.3d 556, 564 (Cal. 2003). Costco contends that under this doctrine, even if the plaintiffs were misclassified, a recovery should be barred to the extent that they failed to take reasonable steps to avoid their damages. Costco contends that these employees, realizing that their tasks were more often characteristic of hourly paid personnel than of managers, should have made an effort to correct that mischaracterization. We are not convinced. Under the applicable doctrine, the employer's invocation of the employees' duty to mitigate is effective only where the employer has taken "reasonable steps to prevent and correct" the wrong leading to the employees' damages. *Id.* at 565. Here the district court found no such steps on

Costco's part. Costco's assertion that it had an HR department to whom the employees could have made their situation known means little. As the district court observed: "Every business has an HR department." We therefore affirm the district court's decision not to reduce plaintiffs' damages for failure to mitigate.

9. Although Costco makes further arguments, none warrants relief nor compels further discussion.

10. We affirm the district court's award of fees and costs. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART**.